21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Ron D. CAPLES, Appellant.
 No. 93-3323NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1994.
Filed: April 14, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ron D. Caples solicited his codefendant to participate in drug offenses while Caples was working as a deputy sheriff, assuring the codefendant that Caples would help him evade other law enforcement officers. After Caples and the codefendant were released on bond following their arrest for selling methamphetamine and marijuana, Caples persuaded the codefendant to help him make audiotapes in which Caples pretended to conduct an undercover investigation. Caples also encouraged the codefendant to flee the country. Attempting to conceal his true involvement in the crimes, Caples gave the tapes to police. After prosecutors learned the tapes were fabricated, Caples pleaded guilty to drug conspiracy and firearm offenses in exchange for the Government's dismissal of drug distribution and witness tampering charges. The district court increased Caples's Sentencing Guidelines base offense level by two levels for abusing a position of public trust and two levels for obstructing justice, and denied Caples a reduction for accepting responsibility.
 
 
 2
 Caples appeals his sentence, contending he did not abuse his position of trust or, if he did, his abuse did not "significantly facilitate[ ] the commission or concealment of [his] offense." See U.S.S.G. Sec. 3B1.3. Having carefully reviewed the record, we cannot find clear error in the district court's contrary findings. See United States v. Armstrong, 992 F.2d 171, 173-74 (8th Cir. 1993) (prison drill-camp instructor abused public trust when he used position to seek inmates' help in counterfeiting scheme). Indeed, Caples conceded at sentencing that he abused his position to conceal his offense by creating the fake undercover tapes.
 
 
 3
 Caples also contends he deserves a reduction for accepting responsibility despite his admitted obstruction of justice. Because conduct resulting in an obstruction-of-justice enhancement ordinarily shows defendants have not accepted responsibility for their criminal conduct, both adjustments may apply only in extraordinary cases. U.S.S.G. Sec. 3E1.1 n. 4. We find nothing extraordinary in the record to suggest the district court committed clear error in denying the acceptance-of-responsibility reduction.
 
 
 4
 Accordingly, we affirm.